**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLY WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-04303** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NEWLY WEDS FOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Billy Williams ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Newly Weds Foods, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5.      A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Billy Williams resided in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Newly Weds Foods, Inc. was a corporation doing business in and for Cook County whose address is 4125 West Wrightwood Avenue, Chicago, IL 60639.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a loader beginning on or around December 3,

2021 and was later promoted to a bagger.

12.     Plaintiff worked for Defendant until his unlawful termination on or around June

10, 2022 on the basis of his disability.

13.     As a bagger, Plaintiff's duties included, but were not limited to, the following:

- Operate bagging machine to properly fill bags with product;
- Ensure proper labeling and weight;
- Clean workstation as required; and
- Stack bags neatly on skids as required and on the correct skid color.

14.     On or around June 10, 2022, Plaintiff suffered a workplace injury which left him

with a physical impairment that substantially limited major life activities such as caring for

himself, lifting, and bending.

15.     Regardless of Plaintiff's disability or perceived disability, he was able to perform

the essential functions of his job with or without accommodations.

16.     Plaintiff is a "qualified individual" as defined under the ADA.

17.     Following Plaintiff's workplace injury, he was sent home by Defendant.

18.     For several days following June 10, 2022, Plaintiff attempted to contact Defendant

to request when he could return to work and what accommodations would be made available to

him.

19.     As such, Plaintiff was engaged in protected activity when he requested

accommodations from Defendant.

20.     However, Defendant failed to engage in the interactive process to determine the

appropriate accommodation for Plaintiff and instead ignored Plaintiff's attempts to receive

accommodations and return to work.

21.     Effectively, rather than accommodate Plaintiff's disability or perceived disability, Defendant terminated Plaintiff's employment to avoid fulfilling their duties under the ADA.

22.     Other similarly situated employees outside of Plaintiff's protected class (non-disabled individuals) were not subject to the same disparate treatment as Plaintiff.

23.     Ultimately, on or about June 10, 2022 Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

24.     The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

25.     Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27.     Plaintiff met or exceeded performance expectations.

28.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

29.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

30.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

31.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

32.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

33.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

34.     Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

35.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

36.     Plaintiff is a qualified individual with a disability.

37.     Defendant was aware of the disability and the need for accommodations.

38.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

39.     Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

40.     Defendant did not accommodate Plaintiff's disability.

41.     Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

42.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

43.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

44.     Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

45.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

46.     During Plaintiff's employment with Defendant, Plaintiff was injured at the workplace and proceeded to request accommodations and for a start date back following his injury.

47.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

48.     Defendant failed to engage in the interactive process of determining the appropriate accommodations for Plaintiff and instead terminated Plaintiff's employment to avoid accommodating him.

49.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

50.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

51.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in

Plaintiff's favor and against Defendant as follows:

> a.    Back pay with interest;
>
> b.    Payment of interest on all back pay recoverable;
>
> c.    Front pay;
>
> d.    Loss of benefits;
>
> e.    Compensatory and punitive damages;
>
> f.    Reasonable attorneys' fees and costs;
>
> g.    Award pre-judgment interest if applicable; and
>
> h.    Award Plaintiff any and all other such relief as the Court deems just and
>
>        proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of July, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*
